# Richmond.

## PRESTON & OTHERS V. DAVIS' EXECUTORS.

### DECEMBER 3, 1903.

### Absent, Buchanan, J.*

1. EXECUTORS AND ADMINISTRATORS—*Accounting—Debt Due Administrator by Distributee—How Credited—Case in Judgment.*—An administrator cannot have credit in his administration account for an individual debt due to him by one of the distributees. The other distributees cannot be charged with any portion of such debt, but, in equity, such debt will be treated as a payment on the distributee's share of the amount found due by the administrator. There is nothing in the evidence in the case in judgment to take it out of this general rule. The debt for which credit is asked consists of a store account, and an account ror rent of the administrator against one of the distributees, and the writing signed by all the distributees approving the manner in which the administrator had administered the estate, by paying the expenses of the family and the tuition of the minor children, and requesting the commissioner of accounts to allow disbursements as the administrator had charged them had no reference to this debt which was due from an adult who had ceased to be a member of the household or family years before the writing was signed, and who had received from his father, in his lifetime, the same character of support and education provided in the writing for his brothers and sisters.

2. EXECUTORS AND ADMINISTRATORS—*Accounting—Interest on Interest.*— Where the debts of an estate have all been paid, and a final account settled by an administrator showing a balance against him, the payment of which he refuses without good cause, the distributees are entitled to recover interest against him on the whole sum found due, although such sum be in part composed of interest. On the final settlement the administrator stands in relation to the distributees as a borrower of the sum due by him.

*Judge Buchanan was detained at home by sickness.

Appeal from a decree of the Circuit Court of the city of Lynchburg in a suit in chancery, wherein the appellants were the complainants, and the appellees were the defendants.

*Reversed.*

The opinion states the case.

*Harrison & Long,* for the appellants.

*A. H. Burroughs,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

Pleasant Preston died intestate in the year 1856, seised of valuable real estate, and possessed of personal property amounting to about $50,000. He was survived by his wife and six children. The oldest child, Samuel D. Preston, was, at the time of his father's death, an adult, and resided in the West. The remaining children were infants, who, with their mother, continued to live together as one family, and were supported and educated in common from the estate of their father.

The widow and her brother, George D. Davis, qualified, respectively, as administratrix and administrator of the estate. The estate, however, was practically under the management and control of the administrator from the time of his qualification in 1856 until his death in 1879.

Davis was a man of large means, and, until a short time before his death, was actively and extensively engaged in business. His individual and fiduciary accounts were kept in the same books in his store, and the moneys of the estate were indiscriminately mingled and used with his own. In the management of the estate, he acted rather in the capacity of a trustee, with large discretionary powers, holding and using the assets of the estate for the support, maintenance and education of the family, than as an ordinary administrator. It appears that he administered to the wants of his sister and her children as if he had been the head of the family.

The administration on the part of the widow was perfunctory merely. She kept no account, and was required to settle none by the distributees; and in 1876 entered into a covenant, indemnifying the sureties on her bond as administratrix.

The administrator's account was settled for the first year ending April 30, 1857, after which his accounts were not settled again for more than twenty years. In the years 1875 and 1876, respectively, the distributees directed the commissioner of accounts, in writing, to allow the administrator full commissions, as if he had settled his accounts annually as the statute requires. At the date of the second paper, these commissions amounted to more than two thousand dollars. The execution of the agreements waiving the forfeiture of commissions indicates that the settlement of the administration account was then pending before the commissioner, but his report was not dated until March 14, 1879.

In the meantime, presumably at the instance of the administrator, the commissioner prepared the following paper, which was signed by all the distributees:

"We, the subscribers, heirs at law of Pleasant Preston, deceased, being all of lawful age, do say that we approve the manner in which George D. Davis has administered the estate of the said intestate, by paying the expenses of Mrs. A. E. Preston and her family, and the tuition and other expenses of her children while at school, and charging the said disbursements to the said testator's estate. We, therefore, request the commissioner of accounts to allow disbursements as the said administrator has charged the same."

The commissioner's first statement, covering the period from April 30, 1857, to April 30, 1877, proceeded on that basis, and showed a balance due the estate, as of the latter date, of $13,-393.70. At the request of the administrator, this statement

was revised, the amended account covering the entire adminis-
tration, from April 30, 1857, to March 15, 1879.  Additional
credits were brought in, the allowance of which was acquiesced
in by the distributees, and the former balance of $13,393.70 was
reduced to $8,732.36.  The administrator was still dissatisfied
with the result, and insisted that under the agreement of Janu-
ary 29, 1878, he was entitled to bring into the administration
and receive credit for an individual demand which he held
against Samuel D. Preston, amounting, with interest to March
15, 1879, to $5,804.95, the allowance of which would have re-
duced the balance due the estate to $2,967.41.  The distribu-
tees, who up to this point had readily acceded to all the demands
of their uncle, for the first time took issue with him, and stead-
fastly denied and strenuously resisted his right to the allowance
of that credit.  With respect to it the commissioner reports:
"As to the individual account between the administrator and
Samuel D. Preston, one of the heirs, I do not feel called on
to pass on that as part of the administration, the parties being
all adult, the matters can now be closed up without difficulty or
delay, if approved by all the parties.  Captain S. D. Preston
would be charged with the amount of the account against him in
the settlement with his brothers, sister and mother as an ad-
vancement from the administrator."

The administrator died within a few months after that settle-
ment.  The report and settlement were never returned to the
court and examined and recorded as required by law.

Appellees, P. A. Krise and Thomas D. Davis, qualified as
executors of George D. Davis, deceased, and upon their con-
tinued refusal to pay the balance of $8,732.36, due by their
testator (they insisting that $2,967.41 was the correct balance),
appellants, in October, 1894, filed a bill in equity in the Circuit
Court of the city of Lynchburg against the executors and the
administrator of Samuel D. Preston, who in the meantime had
died, to compel payment of the larger balance.  At the hearing,

the Circuit Court adopted the smaller amount, $2,967.41, as the balance due to the distributees from the estate of George D. Davis, deceased, and decreed accordingly. From that decree this appeal was allowed.

It would seem clear that, unless the agreement of January 9, 1878, sanctioned it, the individual account of the administrator of Pleasant Preston, deceased, against Samuel D. Preston, could not be brought into the administration as a credit upon the shares of the other distributees. It is equally clear that the paper in question does not admit of the construction sought to be placed upon it by appellees. In the first sentence, the subscribers "approve the manner in which George D. Davis has administered the estate of the said intestate by paying the expenses of Mrs. A. E. Preston and her family, and the tuition and other expenses of her children while at school, and charging the said disbursements to the said testator's estate," and in the last sentence they conclude: "We, therefore, request the commissioner of accounts to allow disbursements as the said administrator has charged the same." The disbursements authorized by the last sentence manifestly refer to those approved in the first sentence, namely, disbursements made by the administrator out of *the funds of the estate,* in payment of the expenses of Mrs. Preston and her family, and the tuition and other expenses of her children while at school.

As remarked, Samuel D. Preston was an adult when his father died, and years before the date of the agreement had ceased to be a member of the household or family. He had received, in the lifetime of his father, the same support and education provided for in the agreement as a proper charge against the estate on behalf of his brothers and sister. All the distributees, therefore, stood on the same footing in that respect.

The individual demand of the administrator had no connection with the estate, but consisted of a store account and an account for rent which he held against Samuel D. Preston.

The language of an agreement should be very plain to induce a court to adopt a construction which would compel these distributees to surrender the larger part of the remnant of their patrimony in payment of an indebtedness, from which they have derived no benefit, and for which they are in no wise liable. As observed, the same commissioner who wrote the paper settled the administration account, and if it had been the intention of the parties to provide for the payment of the individual account of George D. Davis against Samuel D. Preston out of the assets of the estate, it is fair to presume that the account would not have been omitted from the settlement. The commissioner knew the situation and intention of the parties, and his statement presents, in concrete form, their contemporaneous understanding as to the measure of authority conferred on him by the paper in question.

It follows from these views that the Circuit Court erred in allowing the account in controversy as a credit on the balance due by the administrator. The rule, however, is that a debt due to an administrator individually from a distributee may, in equity, be allowed as a payment on the distributee's share of the estate. *Hooper* v. *Hooper,* 9 S. E. (W. Va.) 937; Lomax on Ex'rs, p. 400. So that, in this case, the distributive share of Samuel D. Preston's administrator in the estate of Pleasant Preston, deceased, must be applied as a partial payment on the individual account of George D. Davis.

Under Rule IX., appellees assign as cross error the allowance of interest on a balance against the administrator composed of principal and interest.

The final account of George D. Davis, as administrator, was settled March 14, 1879. At that time the indebtedness of the estate had long since been paid, the distributees were all of age, and no sufficient reason has been assigned by the administrator for withholding the amounts to which they were entitled. Nev--ertheless, the administrator in his lifetime, and his executors

since his death, have persistently refused to pay the balance due, and have compelled the distributees to resort to the courts to enforce their rights.    Under these circumstances, appellants are entitled to recover their distributive shares of the $8,772.36, with interest from March 14, 1879, the date of the final settlement.

Judge Lomax, in his work on Executors, states the rule to be as follows:    "As soon as the purposes of the administration, for the discharge of claims against the estate, shall have been accomplished, the executorial accounts should be closed.    The balance, as has been said, should be struck after a reasonable time allowed for the payment of the debts. . . .    The balance should then be charged against the executor as a borrower; and, from that time until the distribution, the account should be adjusted, as an account between ordinary debtor and creditor." 2 Lom. on Ex'ors (2nd Ed.), p. 574.

For these reasons the decree appealed from must be reversed, and the cause remanded to the Circuit Court of the city of Lynchburg for further proceedings in conformity with this opinion.

*Reversed.*